

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2007

# USA v. Brooks

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4453

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Brooks" (2007). *2007 Decisions*. Paper 1438.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1438

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-4453

UNITED STATES OF AMERICA

v.

IBN YUSEF BROOKS,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 04-cr-00343-1
District Judge: Honorable Joel A. Pisano

Submitted under Third Circuit LAR 34.1(a)
on July 11, 2006

Before: SMITH, ALDISERT, and ROTH, Circuit Judges

(Filed: March 22, 2007)

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

This is an appeal from the judgment of sentence imposed by the United States District Court for the District of New Jersey against Ibn Yusef Brooks. For the reasons stated below, we will affirm the order of the District Court.

## I. __Factual Background and Procedural History__

As the facts are well known to the parties, we give only a brief description of the issues and procedural posture of the case.

In the evening of August 19, 2003, undercover police detectives observed Ibn Yusef Brooks walking on the street in an area of Newark, New Jersey, known for drug-trafficking. After noticing the officers, Brooks was seen shifting an object from the middle of his waistband to the left side. Thinking that the object was a gun, one of the detectives began to follow Brooks while the other positioned a vehicle in front of him. Brooks changed direction and removed a loaded Ruger 44-caliber Magnum Super Black Hawk Revolver from his waist before placing it on the ground. Brooks then threw a clear plastic bag, which was later found to contain 37 glass jugs of cocaine, and attempted to flee. The detectives pursued and arrested Brooks.

On May 12, 2004, a federal grand jury indicted Brooks for possession of a firearm by a person previously convicted of a felony pursuant to 18 U.S.C. § 922(g)(1).[1] On March 18, 2005, Brooks entered into a written plea agreement with the Government.

---

[1] Brooks stipulated to the fact that he had been convicted, among other things, of two felony drug-trafficking offenses.

Prior to sentencing, the Probation Office calculated a Total Offense Level of 26 and a Criminal History Category of IV, which corresponded to a Sentencing Guidelines Range of 92-115 months.

At sentencing, Brooks challenged the application of a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) which provides: "If the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." The District Court agreed with the application of the enhancement on the ground that the gun possession was in connection with the uncharged felony of cocaine distribution. As such, the District Court imposed a sentence of 92 months, which was at the bottom of the applicable Guidelines range. This timely appeal of the sentence followed.

## II. **Jurisdiction and Standard of Review**

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."). We have jurisdiction under 28 U.S.C. § 1291. Also, we have jurisdiction to review the sentence for reasonableness pursuant to 18 U.S.C. § 3742(a)(1). *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). Finally, we exercise plenary review over the meaning and construction of the Sentencing Guidelines but review the District Court's underlying factual determinations for clear error. *United States v. Butch*, 256 F.3d 171, 177 (3d Cir. 2001).

3

## III. **Discussion**

On appeal, Brooks questions the standard that the District Court applied to determine the applicability of the § 2K2.1(b)(5) enhancement. The District Court used the preponderance of the evidence standard; Brooks contends that the correct standard post *United States v. Booker*, 543 U.S. 220 (2005), is beyond a reasonable doubt. After this appeal was filed, we resolved the question in *United States v. Grier*, No. 05-1698, slip. op. at 25 (3d Cir. Feb. 5, 2007) (en banc), holding that facts relevant to a sentencing enhancement that constitute a "separate offense" under governing law, as is the case with a § 2K2.1(b)(5) enhancement, need only be proved by a preponderance of the evidence. Consequently, the District Court did not err in applying the preponderance standard.

At sentencing, Brooks challenged the application of § 2K2.1(b)(5) on the ground that his simultaneous possession of the gun and the jugs of cocaine was "fortuitous." Brooks contends that on the day of his arrest he was walking down the street when he observed the gun. Brooks proceeded to pick up the gun and then continue on his way, eventually running into the police. Also, Brooks claims that he never admitted to possessing the drugs with the intent to distribute. As such, Brooks claims that the possession of the gun was not "in connection with" the felony of drug distribution and, therefore, § 2K2.1(b)(5) should not apply.

The District Court found that § 2K2.1(b)(5) applied *even assuming* the veracity of Brooks' explanation for the gun possession. As to Brooks' possession and distribution of

4

the cocaine, the District Court found that:

> there is no question . . . [that] Mr. Brooks had the firearm while he was in possession of the cocaine under circumstances where it was a reasonable conclusion and inference for the charging officers[2] to draw that he was in possession of these quantities and containers of cocaine with the intent to distribute them.

Moreover, the District Court's finding that Brooks intended to distribute the drugs in question was not clearly erroneous. The 37 units of cocaine were individually packaged, and Brooks has a history of drug-trafficking.

In addition, Brooks' arguments against the application of the sentencing enhancement are not persuasive. In *United States v. Loney*, 219 F.3d 281, 284 (3d Cir. 2000), we noted that § 2K2.1(b)(5) covers "a wide range of relationships between the firearm possession and the other felony offense." One such relationship is the firearm's potential to facilitate a face-to-face felony offense. *Id.* at 288. Drug distribution is just such an offense. *Id.* Also, a firearm's potential of "facilitating" a drug transaction is well-known and justifies a rebuttable inference that the weapon is possessed in connection with the trafficking. *United States v. Gregory*, 345 F.3d 225, 229 (3d Cir. 2003) (noting that "common sense would suggest that the possibility that a drug trafficker has a concealed weapon may well keep those he/she deals with 'in line' without the need

---

[2]Brooks challenges the District Court's reference to what the charging officers could have inferred on the ground that this conclusion falls short of the requirement that the District Court *itself* find the necessary connection between the gun possession and the other felony of drug trafficking. Although the District Court's articulation may not have been ideal, the record as a whole supports the fact that the District Court itself thought and found that Brooks had intended to distribute the cocaine.

of ever using the weapon or even revealing it.").

Furthermore, Brooks has done nothing to rebut the inference. Along this line, his reliance on our decision in *Gregory* is misplaced. *Gregory* concerned an altogether different relationship, counterfeit money and weapons, a combination which does not have the categorical "potential for violence that infests nearly every aspect of drug trafficking." 345 F.3d at 229.

Lastly, Brooks contends that the sentence must be vacated because the District Court did not consider the "Sixth Amendment-compliant guideline range," which Brooks defines as the range produced by reference only to the facts admitted by Brooks or proven beyond a reasonable doubt. According to Brooks, this alleged error caused the sentence to be unreasonable because the District Court failed to consider the "un-enhanced" range, which would be free of judicial fact finding, alongside the "enhanced" range. This argument is based on a misreading of the Supreme Court's decision in *Booker* and is unpersuasive. Contrary to Brooks' argument, *Booker* did not forbid judicial fact finding in the course of applying the now-advisory Guidelines. *See United States v. Miller*, 417 F.3d 358, 363 (3d Cir. 2005) (noting that the District Court is free to engage in judicial fact finding so long as such fact finding is consistent with *Booker*).

Given the District Court's detailed articulation and conscientious application of the 18 U.S.C. 3553(a) factors, we see no reason to deem Brooks' sentence unreasonable.

6

**IV. Conclusion**

    For the above reasons, we will affirm the District Court's judgment of sentence.